# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RODESSA TAYLOR,
           Appellant,

       v.

UNITED STATES POSTAL SERVICE,
           Agency.

DOCKET NUMBERS
DA-0353-11-0113-B-3
DA-0353-11-0348-B-3

DATE: January 7, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kathy Smith, De Soto, Texas, for the appellant.

Susan L. LaSalle, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed petitions for review of the initial decisions which dismissed her denial of restoration appeals for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons that follow, we JOIN these appeals pursuant to 5 C.F.R. § 1201.36(a)(2), and after fully considering the filings in these appeals, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions in these appeals. 5 C.F.R. § 1201.113(b).

¶2      In a nonprecedential remand order, the Board previously remanded these appeals to the administrative judge to conduct a jurisdictional hearing on the appellant's allegations that the agency arbitrarily and capriciously denied her restoration on two separate occasions. *Taylor v. U.S. Postal Service*, MSPB Docket Nos. DA-0353-11-0113-I-1 & DA-0353-11-0348-I-1, Remand Order at 2 (Aug. 22, 2012). In our prior order, the Board found that the appellant nonfrivolously alleged that: (1) she suffered a compensable, work-related injury, (2) she had recovered sufficiently to return to duty in a modified position, and (3) the agency denied her requests for restoration when, pursuant to its National Reassessment Process (NRP), the agency determined it no longer had necessary work for the appellant to perform within her medical restrictions. *See* Remand Order at 2, 8-10. The Board explained, moreover, that the appellant nonfrivolously alleged that: (1) the denials of restoration were arbitrary and capricious based on her assertions that necessary work was still available for her to perform, (2) other employees were performing these tasks, and (3) the agency

discriminated against her on the basis of race and age in concluding there was no work available. Remand Order at 9-10.

¶3 On remand, the administrative judge held a jurisdictional hearing and found that the appellant failed to prove that her denials of restoration were arbitrary and capricious. MSPB Docket No. DA-0353-11-0113-B-3 (0113-B-3), Remand Appeal File (RAF), Tab 28, Remand Initial Decision (RID) at 5-8.[2] In reaching his conclusion, the administrative judge agreed with the appellant that the tasks she had previously performed in her modified assignment were necessary tasks, but he found that those tasks were properly reassigned to other employees who were underburdened and that the reassignment of those tasks did not result in the incursion of additional overtime. RID at 7. The administrative judge based his conclusions on the testimony of two agency officials whom he found to be credible, and he determined that the agency properly consolidated and reassigned the appellant's modified job assignments without violating any other law, rule, or agency regulation. RID at 7-8 (explaining that certain tasks were shifted to different tours and that overall there was less work for employees to perform). In dismissing the appellant's appeals, the administrative judge also considered the appellant's allegations of race and age discrimination insofar as they weighed on the jurisdictional analysis, and he found no evidence that the agency discriminated against the appellant. RID at 8-10.

¶4 The appellant has filed petitions for review of the initial decisions arguing that the administrative judge erred in denying certain exhibits prior to the hearing, that he wrongly credited the testimony of the agency officials, and that the evidence demonstrates that the agency acted in an arbitrary and capricious manner when it determined there was no work available for the appellant to

---

[2] The administrative judge issued separate initial decisions which contained almost identical analysis. We cite to the remand initial decision in MSPB Docket No. DA-0353-11-0113-B-3 for consistency.

perform. 0113-B-3, Petition for Review (PFR) File, Tab 1 at 2-4, 9.[3] The agency has filed a response in opposition to the petitions for review, and the appellant has filed a reply. PFR File, Tabs 4-5.

¶5 First, we find that joinder of these appeals pursuant to 5 C.F.R. § 1201.36(a)(2) is appropriate. As the Board previously explained in its Remand Order, the appellant filed two separate restoration appeals alleging that the agency acted in an arbitrary and capricious manner when it determined that it had no work available for the appellant to perform within her medical restrictions in September of 2010, and again in December of 2010. Remand Order at 8. Because the issues addressed in both appeals involve the same witnesses and evidence, and because the issues presented on review in both appeals are closely related, we find that joinder of these cases on review is appropriate.

¶6 To establish jurisdiction over a restoration appeal under 5 C.F.R. § 353.304(c), which applies to individuals who are partially recovered from a compensable injury, the appellant must prove by preponderant evidence: (1) absence due to a compensable injury; (2) sufficient recovery from the injury to return to duty on a part-time basis or in a less physically demanding position; (3) agency denial of a request for restoration; and (4) denial of restoration rendered arbitrary and capricious by agency failure to perform its obligations under 5 C.F.R. § 353.301(d). *Corum v. U.S. Postal Service*, 118 M.S.P.R. 288, ¶ 13 (2012). As an employee of the U.S. Postal Service, the appellant can satisfy the third jurisdictional criteria by showing that the agency

---

[3] The Board's records reflect that it did not receive a copy of the appellant's petition for review in MSPB Docket No. DA-0353-11-0348-B-3 until March 7, 2014, a month after the administrative judge's initial decision became final. PFR File in MSPB Docket No. DA-0353-11-0348-B-3, Tabs 1, 4. The appellant, however, has averred on review that she mailed the petitions for review in both appeals to the Clerk of the Board together in one package, and the agency does not challenge the timeliness of the appellant's petition for review in MSPB Docket No. DA-0353-11-0348-B-3. Under these circumstances, we will accept the appellant's petition for review in MSPB Docket No. DA-0353-11-0348-B-3 as timely filed.

completely eliminated previously provided limited-duty work pursuant to the NRP. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 7 (2012). The appellant can establish the fourth jurisdictional element—that such an elimination of work was arbitrary and capricious—by showing, inter alia, that her modified assignments were not eliminated, but rather were transferred to other employees who had sufficient work or who were required to work overtime to perform the transferred assignments. *Id.*, ¶ 11; *see Bennett v. U.S. Postal Service*, 118 M.S.P.R. 271, ¶¶ 11-12 (2012).

¶7 We agree with the administrative judge that the appellant has failed to establish that the agency acted arbitrarily and capriciously in denying her requests for restoration. We have reviewed the administrative judge's initial decision, along with the submissions below, and we concur with the administrative judge that there is no evidence in the record that the agency's transfer of the appellant's assignments to other employees resulted in additional overtime expenses or that the employees who assumed the appellant's responsibilities were not underburdened. RID at 6-7. We further defer to the administrative judge's credibility determinations supporting these findings which are based on the testimony of the agency's witnesses and their demeanor. RID at 6; *see McNeil v. Department of Justice*, 117 M.S.P.R. 533, ¶ 11 (2012).

¶8 To the extent that the appellant challenges the manner in which the agency conducted its reassignment of necessary tasks among its employees, we have found that an employee's generic challenge to the agency's NRP fails to establish an arbitrary and capricious denial of restoration. *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 65 (2012). We find, moreover, that the appellant has cited to no specific agency regulation or policy which the agency violated in reassigning necessary tasks among its underburdened employees. RID at 6-7; *see* 0113-B-3, RAF, Tab 12 at 13-15 (the appellant's argument that she could have performed tasks assigned to other limited-duty employees). Rather, we agree that the agency followed its internal policies in consolidating tasks and conducting a

search for necessary work within the appellant's work location and local commuting area which were within her medical restrictions. RID at 7; PFR File, Tab 4 at 14, 16 (explaining that work had been consolidated on a later tour and that employees on that tour were given first priority to the assignment of work under the Employee and Labor Relations Manual); *see* Remand Order at 9 (finding that the agency's search for work within the local commuting area was adequate).

¶9    We have also considered the appellant's argument that the administrative judge wrongly denied several exhibits prior to the hearing, and we find that the administrative judge did not abuse his discretion in denying the proffered exhibits. *Guerrero v. Department of Veterans Affairs*, 105 M.S.P.R. 617, ¶ 20 (2007); PFR File, Tab 1 at 2-3 (the appellant's listing of exhibits which she argues should have been admitted). We have reviewed the appellant's exhibits, moreover, and we agree with the administrative judge that they are not relevant to the matters in dispute concerning the agency's actions in September and December 2010.[4]

¶10   Finally, we agree with the administrative judge that there is no evidence of race or age discrimination in the record which would assist the appellant in establishing jurisdiction over her restoration appeals. RID at 8-10.[5] The record

---

[4] We find unpersuasive the appellant's argument that the agency erred in assigning work to other employees in the months and years following the agency's determinations that it had no work available for the appellant to perform in September and December 2010 within her medical restrictions. *See* PFR File, Tab 1 at 2 (arguing, for example, that evidence should have been admitted that the agency posted full-time positions between September 2010 and November 2012). We note, moreover, that there is no evidence in the record that the appellant could have performed any of these full-time positions, and that the appellant was subsequently returned to duty in a modified assignment in September 2013. PFR File, Tab 1 at 22.

[5] Although the administrative judge found that the appellant failed to prove her claims of race and age-based discrimination by a preponderance of the evidence, the administrative judge's finding that the appellant failed to establish jurisdiction over her denial of restoration appeals meant that the Board also lacked jurisdiction to adjudicate her race and age discrimination claims on their merits. The administrative judge,

reflects that the agency considered both the appellant's medical restrictions and those of other employees who sustained on-the-job injuries in searching for work both within the appellant's work location and the local commuting area, and we agree that there is no evidence of racial or age-based discrimination which would render the agency's determination that it had no work for the appellant to perform arbitrary and capricious. *See Davis v. U.S. Postal Service*, 119 M.S.P.R. 22, ¶ 7 (2012). To the contrary, we concur with the administrative judge that the evidence demonstrates that other employees who had less-restrictive medical limitations were assigned modified responsibilities and tasks which the appellant could not have performed, and that the agency followed its internal procedures in assigning work to other employees before assigning such work to the appellant. RID at 9-10 (explaining that over 70 employees, including the appellant, were reassessed under the NRP); PFR File, Tab 4 at 19-24 (comparing employees' restrictions and the assignments provided to employees).

¶11    Accordingly, we agree with the administrative judge's initial decisions that the appellant failed to establish that her denials of restoration were arbitrary and capricious. We therefore DENY the appellant's petitions for review and AFFIRM the jurisdictional dismissals of her appeals.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

rather, only had to consider the appellant's claims of race and age discrimination insofar as they factored into the jurisdictional analysis over her restoration appeal. *See Penna*, 118 M.S.P.R. 355, ¶ 13 n.6.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____
                                              William D. Spencer
                                              Clerk of the Board

Washington, D.C.